IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

| | | |
|---|---|---|
| Sharon Ann Vandrish, Plaintiff | ) | Case No. 1:26-cv-247 |
| vs. | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| Melissa Morton, et al., Defendant | ) | IN RE: ECF NO. 4 |

MEMORANDUM ORDER

Plaintiff Sharon Ann Vandrish, a pro se inmate proceeding in forma pauperis (ECF No. 3), has filed four documents containing allegations and claims: a Complaint (ECF No. 4); a Supplement (ECF No. 6); a Brief in support (ECF No. 12); and an Amended Complaint (ECF No. 13).

None of these filings incorporates or replaces the others, so her claims are now spread across four separate documents. The Court cannot screen the action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A on this record.

A plaintiff must set out her claims in a single pleading containing "a short and plain statement of the claim showing that the pleader is entitled to relief," with allegations stated in numbered paragraphs. Fed. R. Civ. P. 8(a)(2), 10(b). An amended pleading supersedes all earlier pleadings. *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). The Court will not assemble a plaintiff's claims from multiple submissions, *see Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir.

2019), and a complaint may not be amended through a brief. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). *See also Randolph v. Moore*, 2025 WL 1404676, at *5 (W.D. Pa. Apr. 8, 2025), *report and recommendation adopted relevant in part, rejected in other part*, 2025 WL 1489632 (W.D. Pa. May 23, 025). Although Plaintiff's pleadings are liberally construed, her pro se status does not excuse compliance with these rules. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

**AND NOW, this 9th day of October, 2026, IT IS HEREBY ORDERED** that Plaintiff shall file a single, comprehensive Second Amended Complaint on or before Nov. 9, 2026. The Second Amended Complaint must:

1. Stand alone. It must contain every claim and supporting fact Plaintiff wishes to pursue, without reference to any earlier filing. It will replace ECF Nos. 4, 6, 12, and 13 in their entirety. Anything omitted will be deemed abandoned.

2. Use the proper title and caption. It must be titled "Second Amended Complaint," bear this case number, and name every defendant in the caption. Fed. R. Civ. P. 10(a).

3. Allege specific facts against each defendant. In numbered paragraphs, Plaintiff must state what each defendant personally did, when and where it occurred, and how it violated her rights. Liability under § 1983 is personal. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Allegations against "the Defendants" collectively are insufficient.

4. Identify the legal basis and relief. For each claim, Plaintiff must identify the constitutional provision or federal statute allegedly violated and the defendant against whom the claim is asserted. She must also state the relief she seeks. Fed. R. Civ. P. 8(a)(3).

5. Join only related claims. Unrelated claims against different defendants must be brought in separate actions. Fed. R. Civ. P. 20(a)(2).

6. Omit legal argument. Plaintiff should not file a separate brief, supplement, or other document adding to her claims.

Screening of any Second Amended Complaint under 28 U.S.C. § 1915 is deferred pending the filing of the Second Amended Complaint. If Plaintiff fails to file it by the deadline, the Court may recommend the dismissal of this action for failure to prosecute and failure to comply with a court order. Fed. R. Civ. P. 41(b); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE